UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEASTIE BOYS, A NEW YORK PARTNERSHIP, MICHAEL DIAMOND, ADAM HOROVITZ AND DECHEN YAUCH AS EXECUTOR OF THE ESTATE OF ADAM YAUCH, DECEASED, EACH INDIVIDUALLY AND COLLECTIVELY D/B/A BROOKLYN DUST MUSIC,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BRINKER INTERNATIONAL, INC.,<br><br>　　　　　　Defendant | No.  1:24-cv-05221<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Beastie Boys, a New York Partnership, and Michael Diamond, Adam Horovitz and Dechen Yauch as Executor of the estate of Adam Yauch, deceased, d/b/a Brooklyn Dust Music, by their attorneys Rimon, P.C., for their Complaint, allege as follows:

### .**JURISDICTION AND VENUE**

1.　　This action for copyright infringement and unfair competition arises under the Copyright and Trademark Laws of the United States, 17 U.S.C. § 101 et seq., 15 U.S.C. § 1125(a).

2.　　This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a) and (b) under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. and the Lanham Act, 15 U.S.C. § 1125(a).

3.　　Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

4. Plaintiff Beastie Boys, a New York Partnership ("Partnership"), is a New York partnership with its principal place of business in New York, New York, and is the business entity which owns or controls, *inter alia*, the performances, sound recording copyrights, trademarks and rights of publicity of Plaintiff Michael Diamond ("Diamond"), Plaintiff Adam Horovitz ("Horovitz") and the late Adam Yauch, including as the composing, recording and performing group Beastie Boys.

5. Plaintiff Brooklyn Dust Music ("Brooklyn Dust"), is the business name of and a separate New York partnership under which plaintiffs Diamond, Horovitz and Plaintiff Dechen Yauch ("Yauch") have done and currently do business administering copyrights in the musical compositions authored by any or all of Diamond, Horovitz and Yauch, with its principal place of business in New York, New York.

6. Plaintiff Dechen Yauch resides in New York, New York, and is the Executor of the Estate of Adam Yauch, the deceased Beastie Boys member, professionally known as "MCA" Adam Yauch, who resided in New York, New York during his lifetime.

7. Diamond, professionally known as "Mike D," is an individual who during much of the relevant time period described resided in Brooklyn, New York, and who presently resides in California.

8. Horovitz, professionally known as "Ad-Rock" ("Horovitz"), is an individual who during much of the relevant time period resided in New York, New York, and who presently resides in California.

9. Beastie Boys are one of the longest-lived hip hop and alternative music composing, recording and performing artists in the world. They have been a commercial success

and garnered the highest critical praise for more than thirty-five years, and were inducted into The Rock and Roll Hall of Fame in May 2012.

and garnered the highest critical praise for more than thirty-five years, and were inducted into The Rock and Roll Hall of Fame in May 2012.

10. Upon information and belief, defendant Brinker International Inc. ("Brinker") is and was, at all relevant times herein, a Delaware public company with its principal executive offices in Dallas, Texas, which does business in the City and State of New York. Brinker claims to be one of the largest restaurant chains in the world, with almost 1,600 restaurants in 49 states, 27 countries and two territories, and it owns, operates and/or controls approximately 30 Chili's restaurants and restaurant locations in the City and/or State of New York. Upon information and belief, defendant Brinker, either directly or through its agents, has transacted business within this district, the claims herein arise in, and it has committed tortious acts within this district and has committed tortious acts without this district that have caused injury to plaintiffs within this district.

## PLAINTIFFS' COPYRIGHTS

11. Partnership is the co-owner of the copyright in and to the sound recording featuring Beastie Boys' performances entitled "Sabotage," which has been registered with the United States Copyright Office, Registration No. SR000021346 I.

12. Brooklyn Dust is owner of the copyright in and to the musical composition "Sabotage," which has been registered with the United States Copyright Office, Registration No. PA0000721110.

13. The "Sabotage" musical composition and sound recording were first released by the "Beastie Boys" in January 1994, and *Rolling Stone* designated "Sabotage" as one of the "500 Greatest Songs of All Time" in 2004.

14. A video for "Sabotage," directed by Spike Jonze, also received widespread airplay on MTV and was nominated in five categories in the 1994 MTV Music Awards. An

homage to and parody of 1970s "crime drama" television programs, the video is presented as the opening credits of a fictional 1970's-style police show called "Sabotage," with Beastie Boys band members Diamond, Horovitz and Yauch, in obvious 70s-style wigs, fake mustaches, and sunglasses, appearing as the show's protagonists in scenes intercut with fictitious opening credits.

15. The video has proven tremendously popular with the public. The Official Music Video for "Sabotage" has been viewed 131 million times on YouTube, while other posted live and other performances have been viewed tens of millions of times more. Notwithstanding their wigs, mustaches and sunglasses, the band and its individual members have become widely identified with and are widely recognized for their portrayals in the "Sabotage" video.

## OTHER FACTUAL ALLEGATIONS

16. Commencing at some time unknown to plaintiffs but, they are informed and believe, no earlier than November 2022, Brinker produced, sponsored, and encouraged the creation and posting on social media of videos to promote Brinker's "Chili's" restaurants that included musical compositions and sound recordings that were used without the permission of the rights owners. One such video used, without Plaintiffs' permission or consent, significant portions of the musical composition and sound recording of "Sabotage" (the "Unauthorized Chili's Video"). Further, Brinker synchronized Plaintiffs' "Sabotage" musical composition and sound recording with other visual material in the Unauthorized Chili's Video, in which three characters wearing obvious 70s-style wigs, fake mustaches, and sunglasses who were intended to evoke the three members of Beastie Boys performed scenes depicting them "robbing" ingredients from a Chili's" restaurant intercut with fictitious opening credits, in ways obviously similar to and intended to evoke in the minds of the public scenes from Plaintiff's well-known

4

Official "Sabotage" video. Use of the "Sabotage" sound recording, music composition and video was all without permission; the plaintiffs do not license "Sabotage" or any of their other intellectual property for third-party product advertising purposes, and deceased Beastie Boys member Adam Yauch included a provision in his will prohibiting such uses.

### FIRST CLAIM FOR COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT BRINKER

17. Plaintiffs repeat and reallege the allegations continued in paragraphs 1-16 above, as if set forth herein.

18. Brinker's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Partnership's copyrighted sound recording "Sabotage" in the unauthorized video infringes Partnership's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

19. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Partnership's copyrighted· sound recording constitutes an individual act of infringement of Partnership's exclusive rights under the Copyright. Act, 17 U.S.C. § 101 et.seq.

20. Defendant's conduct has been intentional and willful.

### SECOND CLAIM FOR COPYRIGHT INFRINGEMENT
### AGAINST DEFENDANT MONSTER

21. Plaintiffs repeat and reallege the allegations continued in paragraphs 1-20 above, as if set forth herein.

22. Brinker's unauthorized reproduction of, preparation of a derivative work based upon, distribution to the public of and public performance of Brooklyn Dust's copyrighted musical work "Sabotage" in the Video infringes Brooklyn Dust's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 101 et. seq.

23. Each unauthorized reproduction, derivative work, distribution to the public and public performance of Brooklyn Dust's copyrighted musical work constitutes an individual act of infringement of Brooklyn Dust's exclusive rights under the Copyright Act, 17 U.S.C. § 101 et. seq.

24. Defendant's conduct has been intentional and willful.

### THIRD CLAIM AGAINST DEFENDANT MONSTER FOR VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1125

25. Plaintiffs Partnership, Diamond, Horovitz and Yauch repeat and reallege the allegations contained in paragraphs 1-24 above, as if set forth herein.

26. Partnership owns or controls the mark "Beastie Boys" and the marks· comprised of the legal and professional names of Diamond, Horovitz and Yauch, as well as the acts, poses, plays and appearances of its members, and the words, terms, names, symbols and devices, and all combinations thereof that identify the "Beastie Boys" in the minds of the public (each, a "Beastie Boys Mark").

27. Partnership's Beastie Boys Marks are strong and unique, inherently distinctive, famous, and protectable without proof of secondary meaning, which they nevertheless possess.

28. Partnership has invested decades of time and effort to create consumer recognition of the Beastie Boys Marks and to ensure that the public, not only in the United States but throughout the world, associates the Beastie Boys Marks with their integrity, their distinctive music and performing style as well as products and works designed and/or created by the Partnership.

29. As a result of the wide renown acquired by the Beastie Boys Marks, Partnership's worldwide reputation for their integrity, their distinctive music and performing style as well as products designed and/or created by the Partnership, and the wide geographic distribution and

extensive sale of various products distributed under the Beastie Boys Marks, the Beastie Boys Marks have acquired secondary meaning, fame and significance in the minds of the purchasing public. The purchasing public immediately identifies the products offered under the Beastie Boys Marks with a single source. Therefore, the Beastie Boys Marks, and the goodwill associated therewith, are of inestimable value to the Partnership.

30. Plaintiffs Partnership, Diamond, Horovitz and Yauch are informed and believe, and based thereon allege, that as a result of defendant Brinker's unauthorized use of the Beastie Boys Marks, unauthorized us of plaintiffs Diamond's, Horovitz's and the deceased Yauch's identifying voices in connection with the Unauthorized Chili's Video, and unauthorized video impersonations of Diamond, Horovitz and Yauch to promote Brinker's Chili's restaurants, the public was confused into believing that plaintiffs sponsored, endorsed and are associated with defendant Brinker in promoting defendant Brinker's "Chili's" restaurants and products.

31. As a result of defendant Brinker's multiple misleading uses of the Beastie Boys Marks and identity, plaintiffs Partnership, Diamond, Horovitz and Yauch have suffered damages and will continue to suffer damages in an amount that is presently unknown.

32. Defendant Brinker's unauthorized use of the Beastie Boys Marks, identity and persona has caused and will cause irreparable harm to plaintiffs Partnership, Diamond, Horovitz and Yauch that cannot be fully compensated by money. Because plaintiffs have no adequate remedy at law, plaintiffs are entitled to permanent injunctive relief prohibiting defendant Brinker from using the Beastie Boys Marks, identity and persona without a license or authorization.

33. Plaintiffs Partnership, Diamond, Horovitz and Yauch are informed and believe, and based thereon allege that defendant Brinker did the acts as herein alleged with a willful disregard of the harm to plaintiffs Partnership, Diamond, Horovitz and Yauch and that such acts

were therefor done willfully, maliciously, and oppressively. Plaintiffs Partnership, Diamond, Horovitz and Yauch are, therefore, entitled to a trebling of defendant Brinker's profits and actual damages sustained by plaintiffs, prejudgment interest, reasonable attorneys' fees and costs against defendant Brinker, pursuant to 15 U.S.C. § 1117.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment as follows:

(1)     For a permanent injunction enjoining Brinker and Brinker's agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert with them:

    (a)     from all further infringing conduct in connection with the Video;

    (b)     from all further infringement of any copyrighted musical work or sound recording owned or controlled in whole or in part by Partnership or Brooklyn Dust; and

    (c)     requiring removal of the Unauthorized Chili's Video from all places where they have been stored and/or made available by or through Brinker or reposted by any third party, and destruction of any and all copies of the Unauthorized Chili's Video;

(2)     For an award of statutory damages to Partnership and Brooklyn Dust pursuant to the Copyright Act in an amount in each case of not less than $150,000 for the willful infringement of the Beastie Boys Musical Composition, and the Beastie Boys Sound Recordings or, at Partnership's or Brooklyn Dust's election, actual damages and profits with respect to each of the foregoing copyrights as permitted under the Copyright Act, in an amount to be determined at trial;

(1)     For prejudgment interest according to law;

(2)     For an order awarding plaintiffs their attorneys' fees, together with the costs and disbursements of this action; and

(3)     That defendant Brinker and its officers, agents, successors, assigns, and all persons in concert or participation with it, be enjoined permanently from using the names, voices and trademarks of plaintiffs for the purposes of advertising and trade purposes, in any manner;

(4)     That defendant Brinker be required to pay to plaintiffs Partnership, Diamond, Horovitz and Yauch damages, trebled pursuant to 15 U.S.C. § 1 11 7(a), as provided in the Lanham Act for any injuries sustained by reason of defendant Brinker's false representations and use of plaintiffs' trademarks;

(5)     Requiring defendant Brinker to account for and pay over to plaintiffs Partnership, Diamond, Horovitz and Yauch three times the profits realized by defendant Brinker from defendant Brinker's false representations and use of plaintiffs' trademarks; and

(6)     For such other relief as the Court deems just and proper.

Dated:  New York, New York
        July 10, 2024

Respectfully submitted,

RIMON P.C.

By:/s/ *Michael S. Lazaroff*
Michael S. Lazaroff, Esq.
Kenneth B. Anderson, Esq.
RIMON, P. C.
100 Park Avenue 16th Floor
New York, New York 10017
Telephone:     (646) 738-4151
Email: michael.lazaroff@rimonlaw.com
Email: kenneth.anderson@rimonlaw.com

Dated:  New York, New York
        July 10, 2024

RIMON P.C.
Mark S. Lee (*Pro Hac Vice Application pending*)
RIMON, P.C
2029 Century Park East, Suite 400N
Los Angeles, California 90067

Telephone: (310) 361-5776
Email: mark.lee@rimonlaw.com

*Attorneys for Plaintiffs*

**DEMAND FOR JURY TRIAL**

Plaintiffs Beastie Boys, a New York Partnership, and Michael Diamond, Adam Horovitz and Dechen Yauch as Executor of the estate of Adam Yauch, deceased, d/b/a Brooklyn Dust Music, demand a trial by jury in this action of all issues so triable.

| | |
|---|---|
| Dated: New York, New York<br>July 10, 2024 | Respectfully submitted,<br><br>RIMON P.C.<br><br>By:/s/ *Michael S. Lazaroff*<br>Michael S. Lazaroff, Esq.<br>Kenneth B. Anderson, Esq.<br>RIMON, P. C.<br>100 Park Avenue 16th Floor<br>New York, New York 10017<br>Telephone:    (646) 738-4151<br>Email: michael.lazaroff@rimonlaw.com<br>Email: kenneth.anderson@rimonlaw.com |
| Dated: New York, New York<br>July 10, 2024 | RIMON P.C.<br><br>By:/s/ *Mark S. Lee*<br>Mark S. Lee (*Pro Hac Vice Application pending*)<br>RIMON, P.C<br>2029 Century Park East, Suite 400N<br>Los Angeles, California 90067<br>Telephone: (310) 361-5776<br>Email: mark.lee@rimonlaw.com<br><br>*Attorneys for Plaintiffs* |